CHARLES A. WINCHESTER, Administrator, *vs.* THEODORE STEBBINS.

A policy of insurance procured by a man on his own life, payable to himself and his ex-ecutors, administrators, and assigns, was assigned by him; while held by the assignee, became forfeited by failure of the assured to pay the premiums ; was afterwards as-signed by the assignee to a brother of the wife of the assured, and, with the consent of the assured and the insurers, renewed by her brother for her benefit; the premiums were subsequently paid by him as they accrued; and the amount of the policy was paid to him by the insurers upon the death of the assured. *Held,* that the administrator of the estate of the assured could maintain no action against him for any part of the money so received.

ACTION OF CONTRACT brought by the administrator of the estate of Charles Stearns, (which was insolvent,) to recover the amount of a policy obtained by him on his life, payable to him-self, his executors, administrators and assigns, which had been paid by the insurers to the defendant, under circumstances agreed by the parties, and stated in the opinion.

*C. A. Winchester, pro se.*

*R. A. Chapman,* for the defendant.

MERRICK, J. This action cannot be maintained. The defendant is equitably entitled to the money which he received of the insurance company to hold in trust for the benefit of Mrs. Stearns. The policy originally obtained by the intestate had been assigned by him to Ocran Dickinson, and while held by the latter was forfeited by the failure of the assured to pay accruing premiums, according to stipulations contained in it. It was never afterwards renewed or revived by him or for his benefit. It was further assigned by Dickinson to Charles Stebbins, and by the latter to the defendant. The insurers knew of this assignment and assented to it. While the contract ceased to be in force by the failure of the intestate to make the requisite payments of accruing premiums, he agreed and consented that the renewal of it might be effected by the brother of Mrs. Stearns, by the payment of the required sums of money for the purpose for her sole benefit. It was caused by them to be renewed in pursuance of this agreement. The intestate never afterwards paid anything upon it, but the premiums from time to time, as they became due, were advanced by the defendant or by his brother Charles. Upon the death of the intestate, the insurers made no objection to the claim of the defendant for the sum secured by the policy, and it was paid over to him. The administrator of the intestate shows no just right or title to it; and

*Judgment must therefore be entered for the defendant.*